UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DUPRAY A. JORDAN,

                              Petitioner,

     -against-                                                9:23-CV-0256 (LEK)

FREDERICK J. AKSHAR, II, *Sheriff*,

                              Respondent.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

Petitioner Dupray Jordan seeks federal habeas relief pursuant to 28 U.S.C. § 2241 ("Section 2241"). See Dkt. No. 1 ("Petition"); Dkt. No. 1-1 ("Exhibits").

On February 28, 2023, the Court administratively closed this action because Petitioner failed to properly commence it. See Dkt. No. 2. Petitioner was provided thirty (30) days to either (1) submit a properly certified application to proceed in forma pauperis ("IFP") or (2) pay the statutory filing fee. See id. at 2. Petitioner timely remitted the statutory filing fee, and the case was restored to the Court's active docket. See Dkt. No. 3; Dkt. No. 4.

**II. BACKGROUND**

Petitioner argues that he is unlawfully incarcerated at the Broome County Correctional Facility. Pet. at 1–2. It appears that Petitioner was arrested pursuant to a state criminal investigation, and is now subject to federal criminal proceedings. See United States v. Jordan, No. 22-CR-0227 (N.D.N.Y. Nov. 17, 2021).

On November 9, 2021, the Broome County Court issued a search warrant allowing state law enforcement to search Petitioner's residence in Binghamton, New York, for, *inter alia*, controlled substances and illegal firearms. See Exs. at 9–11; see also Exs. at 12–17. On November 12, 2021, the State of New York filed several charges against Petitioner. These included third and fifth degree criminal possession of a controlled substance, second degree criminal use of drug paraphernalia, second degree criminal possession of a weapon, and two counts of third degree criminal possession of a weapon. See id. at 1–8, 22–23.

On November 17, 2021, a federal criminal complaint was filed in this Court charging Petitioner with possession of a firearm as a previously convicted felon and possession with intent to distribute a controlled substance, specifically fentanyl. See Jordan, Dkt. No. 1. The criminal action is still pending; the trial is scheduled to begin on August 28, 2023, while pretrial submissions are due by August 7, 2023. See Jordan, Dkt. No. 60.

Petitioner argues that he is entitled to federal habeas relief because (1) his Fourth Amendment rights were violated because the search warrant application was not supported by sufficient evidence and the search warrant lacked particularity; and (2) the arrest warrant was deficient because the prerequisite "accusatory instrument" was flawed. Pet. at 3–10, 14–21. Furthermore, Petitioner contends that his Fourteenth Amendment rights have been violated because Broome County "selectively" referred him, on the basis of his race, to the federal government for criminal prosecution. Id. at 11–12.

### III.  LEGAL STANDARD

To the extent he is not yet incarcerated pursuant to any judgment, Petitioner properly filed his habeas petition pursuant to Section 2241. See Pet. at 1. "[S]ection 2241 applies to all individuals held in state custody while [28 U.S.C.] § 2254 applies *only* to those whose custody

results from a final judgment." Robinson v. Sposato, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (emphasis added) (quoting Crawford v. New York, No. 908-CV-1287, 2009 WL 396308, at *1 (N.D.N.Y. Feb. 17, 2009)).

"Before seeking Section 2241 federal habeas corpus relief, a state pretrial detainee must first exhaust his available state-court remedies." Griffin v. Warden A.M.K.C., No. 22-CV-6302, 2022 WL 3045772, at *3 (S.D.N.Y. July 29, 2022) (citing United States ex rel. Scranton v. New York, 532 F.2d 292, 294 (2d Cir. 1976)). While Section 2241 "does not on its face require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, the Second Circuit has superimposed such a requirement to accommodate principles of federalism." Allen v. Maribal, No. 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (citing cases). This doctrine "reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement." Id. (quoting Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484, 490 (1973)).

### IV. DISCUSSION

A pro se litigant is entitled to "special solicitude," and their submissions must be "interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474, 477 (2d Cir. 2006) (internal quotation marks omitted) (emphasis omitted); see also Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [the litigant] has raised. In so doing, the court's imagination should be limited only by [the litigant's] factual allegations, not by the legal claims set out in his pleadings."). Thus, this Court must consider any arguments that might be inferred from—and are consistent with—the facts alleged in the Petition.

3

However, at this stage in the litigation, the Court cannot evaluate any such arguments because the status of Petitioner's state court proceedings is unclear. Petitioner clearly alleges that he is incarcerated in a state prison, see Pet. at 1, and that he has been subject to state court charges, see Exs. at 1–8, 22–23. However, Petitioner also claims that he was the only state court defendant to be "referred . . . to [the] federal government for federal prosecution," and that his co-defendants are now "free of arrest with cases dropped." Pet. at 11–12. Thus, it is not clear whether Petitioner's state court charges are pending, nor is it clear whether Petitioner has taken any steps to exhaust his state court remedies.

Accordingly, and in light of his pro se status, Petitioner is given leave to file an amended petition within **thirty (30)** days of the filing date of this Memorandum-Decision and Order. In this amended petition, Petitioner should include any information that would be helpful to the Court in evaluating the basis for his current incarceration—including, but not limited to, an explanation of the status of the state court charges described in his Petition and Exhibits, as well as any other state criminal charges related to his current incarceration. Petitioner should explain whether and how his federal habeas claims have been exhausted via state court remedies. If his state court remedies have *not* been exhausted, Petitioner should outline the specific reasons why the state corrective process is unavailable to him, or else identify the circumstances that prevent the direct appeal and collateral state court processes from protecting his rights. See Robinson, 2012 WL 1965631, at *2 ("A petitioner who has not exhausted available state court or administrative remedies may only seek a writ of habeas corpus under Section 2241 if: (1) he establishes cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) he demonstrates that the failure to consider his claims will result in a fundamental miscarriage of justice." (citation omitted)). Upon receipt of an amended petition, the

Court will consider, among other things, whether Petitioner has properly exhausted their state court remedies.

V.      **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Petitioner may file an amended petition within **thirty (30)** days of the filing date of this Memorandum-Decision and Order. The Clerk is directed to provide Petitioner with a blank § 2241 habeas petition for this purpose. Petitioner should provide the status of the state criminal charges described in his Petition, as well as the date(s) upon which he filed any state court proceedings challenging his incarceration and the grounds raised in each application and the date(s) upon which the court(s) denied each application. If Petitioner alleges that exhaustion of state court remedies was unavailable to him, he should specifically explain how and why he was precluded from those remedies. Petitioner must specify all grounds upon which his federal petition is based, and the facts supporting each ground, in the amended petition. Petitioner shall not incorporate any portion of his original papers into his amended petition by reference. He must include all relevant information in the amended petition and shall submit only one amended petition in accordance with the terms of this Memorandum-Decision and Order. Petitioner must also sign and date the petition; and it is further

**ORDERED**, that if Petitioner does not file an amended petition within **thirty (30) days** of the filing date of this Memorandum-Decision and Order, the Clerk shall enter judgment dismissing this action without further order of the Court; and it is further

**ORDERED**, that upon the filing of any amended petition, the Clerk shall forward the file in this matter to the Court for further review. No answer to the Petition will be required from the

respondent until Petitioner has submitted the amended petition, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED**, that the Clerk shall serve a copy of this Memorandum-Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     April 11, 2023
           Albany, New York

LAWRENCE E. KAHN
United States District Judge