UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DUPRAY A. JORDAN,

       Petitioner,

 -against-               9:23-CV-0256 (LEK)

FREDERICK J. AKSHAR, II, *Sheriff*,

       Respondent.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

Petitioner Dupray Jordan seeks federal habeas relief pursuant to 28 U.S.C. § 2241 ("Section 2241"). See Dkt. No. 1 ("Petition"); Dkt. No. 1-1 ("Original Exhibits"). After an initial review, the Court directed Petitioner to file an amended petition (1) explaining the status of his state court criminal charges; and (2) discussing whether and how his federal habeas claims had been exhausted via state court remedies or why such remedies were unavailable. Dkt. No. 5 ("April Order"). Petitioner timely filed an Amended Petition in compliance with the April Order. See Dkt. No. 6 ("Amended Petition"); Dkt. No. 6-1 ("Amended Petition Exhibits"). For the following reasons, the Amended Petition is dismissed as unexhausted.

**II. BACKGROUND**

The Court assumes familiarity with the April Order, as well as with Plaintiff's factual allegations detailed therein. See Apr. Order at 1–2.

Petitioner requests that this Court "dismiss [his] current state charges [and] federal charges for violations of state [and] federal law [and] constitutional violations." Am. Pet. at 5.

However, Petitioner has subsequently indicated that his state court charges have been dismissed. See Dkt. No. 7 ("Petitioner's Supplemental Filing") at 4–5. Thus, this Court will only address Petitioner's request for habeas relief concerning his pending federal criminal proceedings. See Petr's Suppl. Filing at 3.

In addition to the constitutional violations alleged in his initial filing, see Pet. at 1; Apr. Order at 2, Petitioner now argues that he is entitled to federal habeas relief because his right to a speedy trial has been violated, see Am. Pet. at 4. Specifically, Petitioner claims he has been incarcerated "for over 6 months without any action on [his] case with in the past 17 months." Id. However, it appears that Petitioner only intended to raise these speedy trial violations in relation to his state court charges. See id. at 4, 7; see also Petr's Suppl. Filing at 3 (stating that, although Petitioner now "only ha[s] pending federal charges," he is still "requesting further review of [his] federal incarceration, as [he] still respectfully feel[s] as if [his] incarceration is in violation of [his] constitutional rights" under the Fourteenth and Fourth Amendments).[1]

Although Petitioner faces federal charges, he is currently held at the Broome County Correctional Facility, which is a state facility. See United States v. Jordan, No. 22-CR-0227 (N.D.N.Y. Nov. 17, 2021), Dkt. No. 24 (ordering that Petitioner be detained pending trial, and remanding Petitioner "to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility . . . .").

---

[1] Even if Petitioner did intend to allege violations of his right to a speedy trial in relation to his federal proceedings, it would not alter the Court's analysis. Petitioner does not appear to have raised any such violations before Judge Suddaby, meaning that they similarly would be subject to dismissal for failure to exhaust. Furthermore, on April 7, 2023, the parties stipulated to a 90-day period of continuance for the purposes of the Speedy Trial Act. See Jordan, No. 22-CR-0227, Dkt. No. 61.

### III. LEGAL STANDARDS

#### A. Section 2241

Because he is held in state custody but has not received a final judgment, Petitioner properly filed his habeas petition pursuant to Section 2241. See Am. Pet. at 1. "[S]ection 2241 applies to all individuals held in state custody while [28 U.S.C.] § 2254 applies *only* to those whose custody results from a final judgment." Robinson v. Sposato, No. 11-CV-0191, 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2012) (emphasis added) (quoting Crawford v. New York, No. 908-CV-1287, 2009 WL 396308, at *1 (N.D.N.Y. Feb. 17, 2009)).

"Before seeking Section 2241 federal habeas corpus relief, a state pretrial detainee must first exhaust his available state-court remedies." Griffin v. Warden A.M.K.C., No. 22-CV-6302, 2022 WL 3045772, at *3 (S.D.N.Y. July 29, 2022) (citing United States ex rel. Scranton v. New York, 532 F.2d 292, 294 (2d Cir. 1976)). While Section 2241 "does not on its face require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, the Second Circuit has superimposed such a requirement to accommodate principles of federalism." Allen v. Maribal, No. 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. July 25, 2011) (citing cases). This doctrine "reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement." Id. (quoting Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484, 490 (1973)).

#### B. Deference to Pro Se Litigants

Pro se litigants are entitled to "special solicitude," and their submissions must be "interpreted to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474, 477 (2d Cir. 2006) (internal quotation marks omitted) (emphasis

3

omitted); see also Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [the litigant] has raised. In so doing, the court's imagination should be limited only by [the litigant's] factual allegations, not by the legal claims set out in his pleadings."). Thus, this Court must consider any arguments that might be inferred from—and are consistent with—the facts alleged in the Amended Petition.

## IV. DISCUSSION

### A. Abstention

The core relief sought by Petitioner is dismissal of the charges against him in his pending federal prosecution. See Am. Pet. at 5; see also Jordan, No. 22-CR-0227. Before this Court can reach the merits of Petitioner's pleading, it must answer the difficult question of whether it *can* intervene in a pending criminal proceeding, or whether it must instead abstain from such an intervention. This concern is magnified by the fact that Petitioner's Fourth and Fourteenth Amendment habeas claims, see Apr. Order at 2; Petr's Suppl. Filing at 3, have now been raised as a pretrial motion in those proceedings, see generally Jordan, No. 22-CR-0227, Dkt. No. 68, and are awaiting adjudication by the presiding court.

There are a number of recent unpublished cases in this circuit in which courts, under similar circumstances, have invoked the doctrine of Younger abstention as a basis for declining to issue relief in parallel federal criminal proceedings. See Younger v. Harris, 401 U.S. 37, 43–55 (1971). While Younger codified the "longstanding public policy" that federal courts should not interfere in *state* court proceedings, Id. at 43, these courts have extended Younger's application to the habeas review of parallel *federal* proceedings. See, e.g., Iotova v. Rivera, 22-CV-3786, 2022 WL 2971920, at *3 (S.D.N.Y. July 26, 2022) (noting that "many courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin

*federal* prosecutions," and proceeding to do the same); Figueroa v. Doorley, 21-CV-6351, 2022 WL 333029, at *2 (W.D.N.Y. Jan. 3, 2022) ("In [Younger], the Supreme Court held that federal courts shall not intercede in pending state court proceedings except under 'extraordinary circumstances.' . . . On the same principle, federal courts will also refrain from interfering in federal criminal prosecutions.") McPhee v. United States, 1:21-CV-08672, 2021 WL 5014815, at *2 (S.D.N.Y. Oct. 27, 2021) (noting that "many courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin *federal* prosecutions," and proceeding to do the same); Cabrera v. United States, 21-CV-4154, 2021 WL 4311255, at *4 (S.D.N.Y. Sept. 21, 2021) (noting that "[c]ourts have extended the holding of *Younger* to decline to enjoin federal prosecutions," and proceeding to do the same); Palmer v. United States, 21-CV-4446, 2021 WL 2784650, at *4–5 (S.D.N.Y. July 2, 2021) (noting that "[c]ourts have extended the holding of *Younger* to decline to enjoin federal prosecutions," and proceeding to do the same); Coombs v. United States, 21-CV-3761, 2021 WL 2453496, at *4 (S.D.N.Y. June 15, 2021) (noting that "[c]ourts have extended the holding of *Younger* to decline to enjoin federal prosecutions," and proceeding to do the same); Parks v. United States, 21-CV-029, 2021 WL 8391657, at *4 (W.D.N.Y. Mar. 22, 2021) (applying Younger abstention doctrine to federal pretrial detainee's habeas petition), report and recommendation adopted, 21-CV-0029, 2022 WL 1501597 (W.D.N.Y. May 12, 2022); Thomas v. Shroff, 21-CV-0450, 2021 WL 707007, at *2 (S.D.N.Y. Feb. 19, 2021) ("To the extent Plaintiff seeks injunctive relief in the form of an order directing his sentencing in his [federal] criminal case, the Court will not intervene in those proceedings under the doctrine established in [Younger]."); Dupigny v. United States, 20-CV-5346, 2021 WL 663317, at *2 (S.D.N.Y. Feb. 17, 2021) ("Because the Court will not intervene in [federal] proceedings under the doctrine established [Younger], the Court dismisses the

complaint.") Schulte v. Barr, 20-CV-9244, 2020 WL 7211887, at *1 (S.D.N.Y. Dec. 7, 2020) ("Because the Court will not intervene in [federal] proceedings under the doctrine established in [Younger], the petition is denied."); Thomas v. Ramos, 20-CV-3422, 2020 WL 2192716, at *2 (S.D.N.Y. May 5, 2020) (noting that "many courts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin *federal* prosecutions," and proceeding to do the same); Laureano v. United States, 19-CV-10986, 2020 WL 419378, at *2 (S.D.N.Y. Jan. 24, 2020) (noting that "[c]ourts have extended the holding of *Younger* and concluded that federal courts also may not stay or enjoin *federal* prosecutions," and proceeding to do the same). If these cases are correct that Younger abstention applies to the federal review of parallel federal criminal proceedings, then this Court is prohibited from reaching the merits of Petitioner's pleadings.

It is true that, in Younger, the Supreme Court acknowledged the underlying "basic doctrine of equity jurisprudence" that "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Parks, 2021 WL 8391657, at *4 (quoting Younger, 401 U.S. at 43–44); see also Thomas, 2020 WL 2192716, at *2 (quoting Douglas v. City of Jeannette, 319 U.S. 157, 163 (1943)). It is also true that the Supreme Court emphasized the constitutional significance of this doctrine, noting that the "restrain[t of] equity jurisdiction within narrow limits" is important to "prevent erosion of the role of the jury and avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." Younger, 401 U.S. at 44.

However, the Court also clarifies that this doctrine—namely, that courts of equity should not enjoin criminal prosecutions—is reinforced "by an *even more vital consideration*, the notion

of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." Id. (emphasis added). In other words, Younger abstention is more motivated by the principles of federalism and comity than it is by the "doctrine of equity jurisprudence" that "courts of equity should not . . . act to restrain a criminal prosecution." Id. at 43.

When courts apply Younger abstention to parallel federal criminal proceedings, they make the critical error of confusing (1) Younger abstention with (2) the "basic doctrine of equity jurisprudence" underlying Younger. Id.; see also O'Shea v. Littleton, 414 U.S. 488, 499 (1974) (treating Younger abstention and the "basic doctrine of equity jurisprudence" as two separate principles). This error is significant because, while Younger abstention remains good law, it is not clear that the referenced "doctrine of equity jurisprudence" still governs, or whether its scope is the same as it was in 1971. For one thing, that doctrine predates the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, 110 Stat. 1214 (1996) (codified in amendments to 28 U.S.C. §§ 2244-2267 (1996)) ("AEDPA"). Notably, AEDPA and its subsequent case law introduced exhaustion requirements to habeas proceedings. These requirements satisfy some of the same prudential and judicial economy concerns cited by the Supreme Court in Younger as a basis for the common law doctrine barring equitable intervention, thus raising the question of whether and to what extent that doctrine has been preempted in habeas cases.

This mistake of conflating Younger abstention with the doctrine proscribing equitable intervention in criminal proceedings is significant because, "[w]here it applies, *Younger*

7

abstention is *mandatory*, and thus the federal court *may not retain jurisdiction and must dismiss the claims governed by Younger.*" McPherson v. Lamont, 457 F. Supp. 3d 67, 82 (D. Conn. 2020) (emphases added) (citing Juidice v. Vail, 430 U.S. 327, 348 (1977) (Stewart, J., dissenting)). Therefore, the radical expansion of mandatory Younger abstention to all pre-trial habeas review is contrary to the "very nature" of the writ of habeas, which applies to "all manner of illegal confinement"—not simply post-conviction relief. Harris v. Nelson, 394 U.S. 286, 291 (1969).

In fact, the Supreme Court has clearly explained the precise circumstances under which Younger abstention is permissible:

> Circumstances fitting within the *Younger* doctrine, we have stressed, are "exceptional"; they include, as catalogued in [New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350 (1989)], "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." Because this case presents none of the circumstances the Court has ranked as "exceptional," the general rule governs: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction."

Sprint Commun., Inc. v. Jacobs, 571 U.S. 69, 73 (2013) (citations omitted). In other words, the Supreme Court has not authorized the "prudential" abstention envisioned by courts seeking to avoid review of parallel federal proceedings.

This Court therefore declines to follow its sister courts and refuses to apply Younger abstention in its disposition of Petitioner's habeas action.

  **B.**  **Exhaustion**

However, this Court may not yet reach the merits of Petitioner's pleadings. Although the Court is prohibited from abstaining on the basis of the Supreme Court's decision in Younger, its

8

review is still bound by AEDPA, which imposes certain exhaustion requirements on habeas petitioners.

Section 2241 itself does not contain an express exhaustion requirement, while 28 U.S.C. § 2254 ("Section 2254") does. Section 2254, which governs the habeas review of detention "pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), forbids federal courts from issuing writs of habeas where an applicant has not yet "exhausted the remedies available in the courts of the State" or otherwise demonstrated that such exhaustion was not possible, 28 U.S.C. § 2254(b). Judicial interpretation of this statutory language has led to the "cause and prejudice" standard, under which "habeas petitions brought [pursuant to Section] 2254 will be dismissed unless the petitioner has shown cause for failing to raise his claim at the appropriate time and prejudice from the alleged error." Campino v. United States, 968 F.2d 187, 189 (2d Cir. 1992).

Although the Section 2254 exhaustion requirement "was predicated in part upon notions of comity with state courts," the Second Circuit has "extended the standard to challenges to *federal* convictions . . . ." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 633 (2d Cir. 2001) (first citing Campino, 968 F.2d at 190; then citing Underwood v. United States, 166 F.3d 84, 87 (2d Cir.1999)). This is because, although "a collateral challenge to a federal conviction . . . does not implicate federalism issues," the "interests of finality, accuracy, integrity of prior proceedings, and judicial economy justify a district court's refusal to entertain a [federal] action containing a procedurally barred claim, absent a showing of cause and prejudice." Id. The Second Circuit has thus imposed a "judicially created exhaustion requirement" on federal detainees seeking habeas relief under Section 2241 or 28 U.S.C. § 2255. Theodoropoulos v. I.N.S., 358 F.3d 162, 167 (2d Cir. 2004); see also Carmona, 243 F.3d at 634 (holding that federal detainee exhaustion requirements apply to habeas petitions under Section 2241). Therefore,

petitioners seeking habeas relief under Section 2241 must either (1) exhaust all remedies for the alleged constitutional violations, or (2) satisfy the Second Circuit's "cause and prejudice" standard.

Petitioner has neither exhausted his remedies in federal court, nor has he shown good cause for failing to do so. In fact (and as noted), the constitutional violations alleged by Petitioner are currently under review by the court presiding over his federal criminal proceedings. Compare Jordan, No. 22-CR-0227, Dkt. No. 68-2 at 1–2 (alleging constitutional violations in Petitioner's pending motion to suppress), with Apr. Order at 2 (listing the bases for Petitioner's application for habeas relief), Petr's Suppl. Filing at 3 (similar). To the extent that Petitioner seeks relief for constitutional violations that are *not* raised in his federal criminal proceedings, he has not shown cause for his failure to so raise them, and they are therefore also barred for failure to exhaust. Petitioner's application for habeas relief is thus denied.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Amended Petition (Dkt. No. 6) is **DISMISSED without prejudice** for failure to exhaust; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   June 5, 2023
         Albany, New York

LAWRENCE E. KAHN
United States District Judge

10